PEPPER HAMILTON LLP
Ronald R. Jewell (Bar No. 1572270)
The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212.808.2700
Facsimile: 212.286.9806
E-mail: jewellr@pepperlaw.com

PEPPER HAMILTON LLP
David M. Fournier (*pro hac vice pending*)
1313 N. Market Street, Suite 5100
Wilmington, DE 19801
Telephone: 302.777.6565
Email: fournierd@pepperlaw.com
Michael J. Custer (*pro hac vice pending*)
Telephone: 302.777.6516
Email: custerm@pepperlaw.com

*Counsel for Ad Hoc Committee of Senior
Secured Noteholders*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| SIFCO S.A., | ) Case No. 14-11179 (REG) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

**RESERVATION OF RIGHTS OF AD HOC COMMITTEE OF SENIOR SECURED
NOTEHOLDERS REGARDING *EX PARTE* APPLICATION FOR ORDER (A)
GRANTING PROVISIONAL RELIEF AND INJUNCTION AND (B) SCHEDULING
HEARING [DOCKET NO. 5]**

The Ad Hoc Committee of Senior Secured Noteholders (the "Noteholders"),[1]

through its undersigned counsel, submits this reservation of rights regarding the Foreign

Representative's *Ex Parte Application for Order (A) Granting Provisional Relief and Injunction

and (B) Scheduling Hearing* (the "Provisional Relief Application"). The Noteholders do not

---

[1] To date, the Ad Hoc Committee of Senior Secured Noteholders is comprised of ICE Focus EM Distressed Master Fund Limited, ICE Global Credit Master Fund Limited, ICE EM Multi Sector Income Fund, JPMorgan Chase Retirement Plan, EOC LUX Securities SARL and Fratelli Investment Ltd.

#25984219 v4

oppose the continuation, pursuant to section 1519(a) of the Bankruptcy Code, of a stay of actions against the Debtor or its assets in the United States pending a decision on final recognition, but believe that certain changes to the Foreign Representative's proposed Provisional Relief Order are necessary to limit the relief granted to that necessary to maintain the status quo. Toward that end, after discussion with the Noteholders, the Foreign Representative has filed, by the *Notice of Filing of Revised Proposed Order Granting Preliminary Injunction* [Docket No. 12], a revised proposed form of Provisional Relief Order (the "Revised Proposed Order") to address the Noteholders' concerns. The Noteholders do not oppose entry of the Revised Proposed Order, but reserve the right to object to the Provisional Relief Application to the limited extent that any Order requested thereon differs from the Revised Proposed Order, and further state as follows:

1. The Ad Hoc Committee of Senior Secured Noteholders is comprised of entities (each, a "Noteholder") collectively holding $23,307,000 (or no less than 31.08%) of the 11.50% Senior Secured Notes due 2016 of the Debtor, issued on or about May 27, 2011 (the "Senior Secured Notes") as of the date hereof.

2. The Debtor asserts that it has approximately $75 million of indebtedness outstanding as of the filing of its Chapter 15 bankruptcy petition evidenced by the Senior Secured Notes. Provisional Relief Application at ¶ 14.

3. The Senior Secured Notes were issued pursuant to (i) the Indenture dated as of May 27, 2011 (the "Indenture"), (ii) an Offering Circular dated May 27, 2011, and (iii) an Offering Circular Supplement dated May 27, 2011 (the "Offering Circular Supplement"). The Bank of New York Mellon ("BNY Mellon") is the Trustee, Registrar, New York Paying Agent and Transfer Agent for the Senior Secured Notes.

4. As set forth in the Provisional Relief Application, the Senior Secured Notes are collateralized under an Account Control Agreement dated May 27, 2011 (the "Account Control Agreement"). The Account Control Agreement grants to BNY Mellon, for the benefit of itself and the holders of the Senior Secured Notes, a first priority lien on and security interest in the Debt Service Reserve Account (as defined in the Account Control Agreement and the Provisional Relief Application).

5. The Debt Service Reserve Account is located in New York, New York. Pursuant to the Account Control Agreement and the Offering Circular Supplement, the Debtor is required to fund the Debt Service Reserve Account from time to time with two semi-annual interest payments (referred to in the Account Control Agreement as the "Debt Service Amount"), and according to the Foreign Representative there is currently approximately $8.5 million on deposit in the Debt Service Reserve Account. Provisional Relief Application at ¶ 15. The Noteholders believe that the current balance in the Debt Service Reserve Account, and the Debt Service Amount, is actually approximately $8,625,000.

6. The Noteholders are unaware of any other property or assets located in the U.S. in which the Debtor claims to have any interest. The Revised Proposed Order's changes to the proposed Provisional Relief Order are intended to protect the Noteholders' first priority lien on and security interest in the Debt Service Reserve Account and the Debt Service Amount pending a ruling on final recognition and pending a ruling on any motion directed specifically to the Debt Service Reserve Account and the Debt Service Amount.

7. Finally, the Court should be aware that the Noteholders have serious concerns regarding a potential pre-petition fraudulent transfer between the Debtor and its controlling shareholder or an affiliate of the controlling shareholder. According to the Debtor's

"Quarterly Information June/2013 Administration Report," on May 17, 2013 the Debtor's subsidiary, Sifco Intercontinental Co. Ltd. sold 100% of the capital stock of the Debtor's U.S. operating subsidiary, Westport Axle Corporation ("<u>Westport</u>") to a company ("<u>Sifco International</u>") owned solely by Sifco Metals Participações S/A ("<u>Sifco Parent</u>"), the Debtor's controlling shareholder, for $26.4 million.  Seven months later, Sifco Parent sold Sifco International to Universal Truckload Services, Inc. for approximately $123 million, according to a press release issued by that purchaser.  The press release identified no assets acquired through the transaction other than the 100% interest in Westport.

        8.     While those matters are not before the Court on the Provisional Relief Application, they may bear on the propriety both of a final recognition order under 11 U.S.C. § 1517, and of providing the Foreign Representative with any measure of control over the Debt Service Reserve Account and the Debt Service Amount, and will be raised in the proper procedural context.  The Noteholders reserve all rights to oppose final recognition of the Debtor's foreign proceeding, final recognition of the Foreign Representative, and any other relief that may be requested by the Foreign Representative, on any and all grounds.

Dated: May 2, 2014                            **PEPPER HAMILTON LLP**

                                              /s/ Ronald R. Jewell
                                          Ronald R. Jewell (Bar No. 1572270)
                                          The New York Times Building, 37th Floor
                                          620 Eighth Avenue
                                          New York, NY 10018-1405
                                          Telephone: 212.808.2700
                                          Facsimile: 212.286.9806
                                          E-mail: jewellr@pepperlaw.com

                                          -and-

**PEPPER HAMILTON LLP**

David M. Fournier (*pro hac vice pending*)
1313 N. Market Street, Suite 5100
Wilmington, DE 19801
Telephone: 302.777.6565
Email: fournierd@pepperlaw.com
Michael J. Custer (*pro hac vice pending*)
Telephone: 302.777.6516
Email: custerm@pepperlaw.com

*Counsel for the Ad Hoc Committee of Senior Secured Noteholders*

#25984219 v4