1

```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2
     IN RE:                          .    Case No. 14-11179-reg
 3                                   .    Chapter 15
     SIFCO, S.A.,                    .
 4                                   .    One Bowling Green
                    Debtor.          .    New York, New York  10004
 5                                   .
                                     .    May 6, 2014
 6   . . . . . . . . . . . . . .          9:55 a.m.

 7    TRANSCRIPT OF HEARING ON REQUEST FOR PRELIMINARY INJUNCTIONS
                  BEFORE THE HONORABLE ROBERT E. GERBER
 8                   UNITED STATES BANKRUPTCY JUDGE

 9   APPEARANCES:

10   For the Ad Hoc Committee      Pepper Hamilton, LLP
     of Bond Holders:              By:  David M. Fournier, Esq.
11                                 1313 Market Street, Suite 5100
                                   Wilmington, Delaware  19899
12                                 (302) 777-6500

13                                 Pepper Hamilton, LLP
                                   By:  Ronald R. Jewell, Esq.
14                                 620 Eighth Avenue, 37th Floor
                                   New York, New York  10018
15                                 (212) 808-2700

16   For Proposed Foreign          Duane Morris, LLP
     Representative:               By:  William C. Heuer, Esq.
17                                 1540 Broadway
                                   New York, New York  10036
18                                 (212) 692-1070

19   For Bank of New York-         Emmet, Marvin & Martin, LLP
     Mellon:                       By:  Thomas A. Pitta, Esq.
20                                 120 Broadway, 32nd Floor
                                   New York, New York  10271
21                                 (212) 238-3148

22

23

24

25
```



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

```
 1  Audio Operator:              Karen

 2  Transcription Service:       Esquire
                                 1384 Broadway, 19th Floor
 3                               New York, New York 10018
                                 (212) 687-8010
 4
    Proceedings recorded by electronic sound recording;
 5  transcript produced by transcription service.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



**2700 Centennial Tower**
**101 Marietta Street**
**Atlanta, GA 30303**

**Toll Free: 800.211.DEPO**
**www.esquiresolutions.com**

```
 1                     (Time Noted:  9:55 a.m.)
 2              THE COURT:  SIFCO.  PI continuing the TRO that I
 3   had previously issued.
 4              I know some of you.  I don't know if I know
 5   everybody.  Is it Mr. Heuer?
 6              MR. HEUER:  Yes, Your Honor.
 7              THE COURT:  Okay.  And others?  Mr. Heuer, let the
 8   others come over to the microphone to introduce themselves.
 9              MR. FOURNIER:  Good morning, Your Honor, for the
10   record, David Fournier on behalf of the Ad Hoc Committee of
11   Bond Holders.
12              THE COURT:  Okay, thank you, Mr. Fournier.
13              MR. PITTA:  Good morning, Your Honor, Thomas Pitta
14   of Emmet, Marvin & Martin on behalf of --
15              THE COURT:  I couldn't hear your last name.
16              MR. PITTA:  Pitta, P-I-T-T-A.  On behalf of --
17              THE COURT:  P-I-T-T-A?
18              MR. PITTA:  Yes.
19              THE COURT:  Thank you, Mr. Pitta.  And who do you
20   represent?
21              MR. PITTA:  Bank of New York Mellon, Your Honor.
22              THE COURT:  Mellon, okay.
23              MR. JEWELL:  Ronald Jewell, also on behalf of the
24   Ad Hoc Committee.
25              THE COURT:  Okay, so you're with Mr. Fournier?
```



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

1              MR. JEWELL:  I am with Mr. Fournier.

2              THE COURT:  Fournier, excuse me.  I've known Mr.

3    Fournier for a while, back in -- are you still working out of

4    Delaware, Mr. Fournier?

5              MR. FOURNIER:  Your Honor, I am, and this is the

6    first time I've had the pleasure of appearing in Court before

7    Your Honor.

8              THE COURT:  Okay, thank you.  I'm sorry.  Okay,

9    gentlemen, my understanding is that I have reservations of

10   rights on this, but nothing else, and that the folks on the

11   responding side understandably had concerns about me doing

12   here anything other than protecting the status quo for a

13   while.

14             So, under my case management orders under opposed

15   statements of fact in the motion papers are taken as true.

16             My understanding of the original purpose for which

17   I entered the TRO was to preserve the status quo and to

18   protect the Estate against asset grabbing, but was also to

19   engage in a stop, look, and listen before any assets in the

20   U.S. would be moved, or most obviously, shelled out to

21   anybody.

22             I'll give each of you a chance to be heard, but

23   it's my tentative, subject to your respective rights to be

24   heard, to grant the preliminary injunction, continue to

25   protect the status quo, but to do nothing further in the



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

1 case, and to continue the restraints on moving any assets in
2 the U.S. until people have had a chance to be heard either
3 here or in Brazil.
4           Let me hear first from you, Mr. Heuer.
5           MR. HEUER: Thank you, Your Honor. Your Honor is
6 correct in the assessment that we're here seeking a status
7 quo preliminary injunction, as we were on the TRO.
8           No assets are being moved to or from the United
9 States. We're simply seeking to preserve the status quo.
10           There are no business operations here in the
11 United States, Your Honor, so there's nothing to protect as
12 far as a manufacturing plant or anything of that sort. It
13 really is simply a status quo for the protection of several
14 assets.
15           Your Honor, after I had gotten the TRO entered by
16 the Court last week, on revised terms per Your Honor's order,
17 I had contact with counsel to the bond holders. We had
18 discussion about the terms of the proposed preliminary
19 injunction order, counsel provided me with comments, I
20 reviewed those comments, --
21           THE COURT: Is that Mr. Fournier or one of his
22 guys, or somebody different?
23           MR. HEUER: Mr. Fournier, Your Honor. With a
24 minor revision that was agreed upon among the parties, we
25 came to the terms of an agreed order. I filed that order



1  with the Court on Friday, provided copies to counsel before
2  the hearing this morning, and I do have a copy to hand up to
3  Your Honor, if you'd like, on disk, as well, or we could
4  email it to Chambers later, Your Honor.
5            THE COURT:  Okay.  To what extent is the order you
6  want me to sign today substantively different, other than, of
7  course, its duration, from the one that I originally signed?
8            MR. HEUER:  It is substantively different in that
9  it requires express notice to all known bond holders.  It
10 also requires -- explicitly requires advance notice before
11 the foreign representative were to seek any relief with
12 respect to assets.
13           THE COURT:  And, as a matter of mechanics, you
14 said to all bond holders.  Was that to Mr. Fournier as a
15 representative of them, or does he only represent a sub-set
16 of them and the deal was that they would all be notified?
17           MR. HEUER:  My understanding is that Mr. Fournier
18 represents a sub-set.  I'm not quite sure of the exact scope
19 of that sub-set.  It's my understanding it's roughly a third
20 of the bond holders.  I don't know their individual
21 identities.
22           So we would be providing notice to all known bond
23 holders.  We don't know all.  But to those, to the extent
24 that we have information, we will provide to the bond holders
25 directly.



```
 1                THE COURT:  Uh-huh.
 2                MR. HEUER:  To the extent we do not, we're also
 3   providing notice to the indentured trustee.
 4                THE COURT:  Do you have the usual problem on the
 5   absent bond holders that their bonds may be in a depository
 6   trust company, something similar to that, or in street name
 7   or nominee name?
 8                MR. HEUER:  Could well be, Your Honor.  We don't
 9   have much information on some.
10                THE COURT:  All right, so you'll do just the best
11   you can.
12                MR. HEUER:  Correct, Your Honor.
13                THE COURT:  Okay.  Mr. Fournier, can I invite you
14   to comment, if you'd like to?
15                MR. FOURNIER:  Thank you, Your Honor.  A couple of
16   things.
17                First, with respect to the bond holders that we
18   represent, and we did note this in our reservation of rights,
19   we represent approximately 31 percent, and the identity of
20   those holders is listed in the reservation of rights.
21                Your Honor, we did provide comments to the
22   proposed form of order, and those were incorporated in the
23   order is that is before the Court today.  So we don't oppose
24   the entry of the preliminary injunction order today.
25                THE COURT:  Pause, please, Mr. Fournier.  Can you
```



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

1  pull the microphone closer to you, please?
2            MR. FOURNIER:  Sure.  So, Your Honor, we don't
3  oppose the entry of a preliminary injunction order today.
4            We filed a reservation because we wanted the Court
5  to be aware of concerns that we had with respect to this
6  Debtor and pre-Petition transfers of substantial value to the
7  Debtor's parent company in Brazil that may well, almost
8  certainly will, be an issue for the final recognition
9  hearing.
10           We didn't want, Your Honor, to simply give the
11 Court comments on an agreed form of preliminary injunction
12 and not give the Court a head's up that there was what we
13 believed to be a very significant issue out there that
14 ultimately will bear on final recognition.
15           Your Honor, the order is being entered today, as
16 we understand it, to simply maintaining the status quo.  The
17 foreign representative is not able to access the funds on
18 deposit with Bank of New York, which we understand from
19 counsel to the foreign representative are really the only
20 assets that are in the United States.
21           THE COURT:  I hear you.  Do you know yet, Mr.
22 Fournier, whether Brazil has avoidance actions laws similar
23 to those we have in the U.S.?
24           MR. FOURNIER:  Your Honor, we're still looking at
25 that.  I don't know standing here.



 1              THE COURT:  Because you've been around the block a
 2  couple of times, I think you know what's causing me concern,
 3  which is that the rights of the foreign rep in a Chapter 15
 4  case, even after recognition, don't include the U.S. Chapter
 5  5 actions.
 6              And if there is an inappropriate transfer, it
 7  would be unfortunate if it were forfeited merely because of
 8  constraints of that character.  Obviously, I'm expressing no
 9  view as to whether there was a transfer, or if it was in any
10  way inappropriate.
11              But, I always understood that you need an actual
12  case under one of the other Chapters of the Code in the U.S.
13  if you want to invoke Chapter 5.
14              MR. FOURNIER:  Agreed, Your Honor.  I think
15  Chapter 5 pretty clearly does exclude avoidance actions from
16  its scope.  It does contemplate the plenary proceeding could
17  be commenced once there is final recognition and avoidance
18  actions pursued there.
19              Our concern with that here, Your Honor, and not to
20  argue the merits standing here today, our concern with that,
21  though, would simply be that the foreign representative here
22  is not a trustee or an administrator or the like that you
23  would often see with a proceeding, say, out of England.  The
24  foreign representative is actually an officer appointed by
25  the board of the debtor-in-possession in Brazil, so it's an



1  entity --
2           THE COURT:  Well, debtors-in-possession, or the
3  equivalent under foreign law, is still allowed to bring 15s,
4  but then it raises the usual issue of -- if you have a
5  proceeding under -- or a case under another Chapter of the
6  Code in the U.S., what we call in the Second Circuit "STN
7  authority," or something like that, to deputize somebody else
8  to bring any claims on behalf of the Estate that need to be
9  brought.
10          But, your point, if I heard you right, is simply
11 we're protecting the status quo now, and those issues will be
12 sorted out down the road.
13          MR. FOURNIER:  That's exactly right, Your Honor.
14          THE COURT:  Okay, fair enough.  Anybody else want
15 to be heard today?  Mr. Pitta?
16          MR. PITTA:  Yes, Your Honor.  Your Honor, just
17 briefly.  The Bank of New York Mellon is the indenture
18 trustee for these bonds.
19          We have been in communication with the ad hoc
20 holders and working with them through this process.  The
21 funds are in our account, and our concern was that -- as
22 shared with them, that those funds stay there.  We're
23 comfortable with the proposed order that the foreign
24 representative has proposed at this point.
25          THE COURT:  Mr. Pitta, I'm always comfortable when



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

```
 1  I have an indenture trustee that shows up.
 2              To what extent can I have confidence that your
 3  appearing in the case will give me the comfort I need that
 4  unrepresented bond holders will be looked out for by you?
 5              MR. PITTA:  Well, Your Honor, we have already
 6  provided a notice to all holders of the filing of the case.
 7  As I said, we're working actively with the ad hoc holders, we
 8  are aware of the existence of the pre-Petition transactions
 9  that are of concern, and we've done some preliminary looking
10  at those ourselves.
11              And we will be active in this case and make sure
12  that the unrepresented -- or the bond holders not represented
13  by Mr. Fournier's group will have their voice here.
14              THE COURT:  Okay, good enough.  Anybody else want
15  to be heard?
16              Okay, then the preliminary injunction is granted.
17  The Legislative history of this is that it's to protect the
18  status quo with a full reservation of rights on the part of
19  everybody, vis-à-vis everything.  If there's a broader way to
20  say it, I would even do that.
21              Did I hear you say, Mr. Heuer, that you would run
22  the proposed preliminary injunction past Mr. Fournier?
23              MR. HEUER:  Yes, Your Honor.
24              THE COURT:  And also Mr. Pitta?
25              MR. HEUER:  I'm not certain whether they --
```



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

```
 1            MR. PITTA:  Your Honor, I have seen it, and the
 2  Bank of New York is comfortable with it.
 3            THE COURT:  Okay, good enough.  All right, then,
 4  does my Chambers already have the revised form?
 5            MR. HEUER:  It was filed.  I'm not sure whether it
 6  was sent separately as an email file for entry.  If Your
 7  Honor would like, --
 8            THE COURT:  Well, filed would -- I'm not sure what
 9  that would mean in this context, Mr. Heuer, because it can't
10  be filed until I sign it.  Do you mean it was like lodged as
11  a proposed order, like in California they call it "notice of
12  lodging," or something like that?
13            MR. HEUER:  Yes, we filed a notice of proposed
14  order, Your Honor.
15            THE COURT:  Okay, good.  All right, assuming there
16  are no curve balls in it, I'll sign it in the form in which
17  it was vetted by all of your folks.
18            MR. HEUER:  Thank you, Your Honor.
19            THE COURT:  Okay, thank you very much.  Have a
20  good day.
21                 (Time noted:  10:07 a.m.)
22
23
24
25
```



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com

1           CERTIFICATE

2

3       I, Randel Raison, certify that the foregoing is a

4  correct transcript from the official electronic sound

5  recording of the proceedings in the above-entitled matter, to

6  the best of my ability.

7  *Randel Raison* (signature)

8  _____                5/14/14

9  Randel Raison

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



2700 Centennial Tower
101 Marietta Street
Atlanta, GA 30303

Toll Free: 800.211.DEPO
www.esquiresolutions.com