UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SIFCO S.A.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-11179 (REG) |

**ORDER PURSUANT TO
11 U.S.C. §§ 1504, 1515, 1517 AND 1520 RECOGNIZING
FOREIGN REPRESENTATIVE AND FOREIGN MAIN PROCEEDING**

Upon the Verified Petition for Recognition and Chapter 15 Relief [Docket No. 2] (the "Petition")[1] seeking (a) recognition of Rubens Leite, (the "Foreign Representative") as the "Foreign Representative," as defined in section 101(24) of title 11, United States Code, §§ 101, et seq. of (the "Bankruptcy Code") of the above-captioned debtor (collectively, the "Debtor"); and (b) recognition of the Debtor's reorganization proceedings under Brazilian law currently pending before the *5ª Vara Civel da Comarca de Jundiai* (the "Brazilian Court" and "Brazilian Proceeding"), as a foreign main proceeding pursuant to sections 1515 and 1517 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, the Foreign Representative Declaration, and the Foreign Counsel Declaration;

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[2] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

2. Consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(3).

4. Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rule 2002(q), to: (a) the Office of the United States Trustee; and (b) all parties in the United States with whom the Debtor has either a contractual or lending relationship. Such notice and service constitutes reasonable and proper notice under the circumstances.

5. No objections or other responses to the relief sought by the Foreign Representative were filed that have not been overruled, withdrawn or otherwise resolved.

6. This Chapter 15 proceeding was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

7. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

8. The Brazilian Proceeding is pending in Brazil, where the Debtor's "center of main interests," as referred to in section 1517(b)(1) of the Bankruptcy Code, is located. Accordingly, the Brazilian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(l) of the Bankruptcy Code.

9. The Foreign Representative is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

10. The Foreign Representative is entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1. The Petition is granted.

2. The Brazilian Proceeding is recognized as a foreign main proceeding pursuant to section 1517(a) and 1517(b)(l) of the Bankruptcy Code, and all the effects of recognition as set forth in sections 1520 of the Bankruptcy Code shall apply.

3. Upon entry of this Order, pursuant to section 1520 of the Bankruptcy Code, the Brazilian Proceeding shall be given its full force and effect, and, among other things, the protections of section 362 of the Bankruptcy Code shall apply with respect to the Debtor and the property of the Debtor in the territorial jurisdiction of the United States.

4. The Foreign Representative is hereby established as the representative of the Debtor.

5. The Foreign Representative shall not take any action to (1) move or convey any of the Debtor's assets in the U.S. without further order from the Court, or (2) access, withdraw, remove, or transfer any funds held in the Debt Service Reserve Account without further order from the Court.

6. Without prejudice to any future motion the Foreign Representative may file for relief under section 1521 of the Bankruptcy Code or any opposition that may be filed thereto, no relief is granted herein under section 1521 of the Bankruptcy Code.

7. Consistent with applicable law, any and all rights of any party in interest to hereafter request an amendment of this order for cause shown, or to oppose any such request, are fully reserved.

8. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. A copy of this Order, confirmed to be true and correct, shall be served by the Foreign Representative, within seven (7) business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, upon all persons or bodies authorized to administer foreign proceedings of the Debtor (if any), any parties to litigation pending in the United States in which the Debtor was a party at the time of the filing of the Petition (if any), the Office of the United States Trustee for the Southern District of New York, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 proceeding, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated:   New York, New York
         October 23, 2014

                                              *s/ Robert E. Gerber*
                                              Honorable Robert E. Gerber
                                              United States Bankruptcy Judge