**Hearing Date: December 3, 2014 at 9:45 a.m.**
**Objection Deadline: November 26, 2014 at 4:00 p.m.**

**EMMET, MARVIN, & MARTIN LLP**
Edward P. Zujkowski
Thomas A. Pitta
120 Broadway
32nd Floor
New York, NY 10271
Telephone: 212.238.3000
Facsimile: 212.238.3100
E-mail:   ezujkowski@emmetmarvin.com
              tpitta@emmetmarvin.com

*Counsel for The Bank of New York Mellon, as Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| SIFCO S.A., | Case No. 14-11179 (REG) |
| Debtor in a Foreign Proceeding. | |

**THE BANK OF NEW YORK MELLON'S MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

TO:   THE HONORABLE ROBERT E. GERBER
         UNITED STATES BANKRUTPCY JUDGE

The Bank of New York Mellon, as Trustee (the "**Trustee**") under the Indenture dated as of May 27, 2011 (the "**Indenture**") between the Debtor, as Issuer, and (among others) the Trustee, through its undersigned counsel, hereby moves (the "**Motion**"), pursuant to Section 362(d)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), for relief from the automatic stay. In support of the Motion, the Trustee respectfully states the following:

7167039_2

**BACKGROUND**

1. On or about May 27, 2011, the Debtor issued an aggregate amount of $75,000,000 of 11.50% Senior Secured Notes due 2016 of the Debtor (the "**Senior Secured Notes**") pursuant to the Indenture and an Offering Circular. The Trustee is the Trustee, Registrar, New York Paying Agent and Transfer Agent for the Senior Secured Notes.

2. On the same date, the Debtor entered into an Account Control Agreement (the "**Control Agreement**") pursuant to which the Debtor granted the Trustee a security interest in, among other things, a cash collateral account currently on deposit with and maintained in New York by the Trustee as Depository, Collateral Agent and Securities Intermediary (the "**Collateral Account**"). Pursuant to the Control Agreement, the Debtor is required to maintain cash in the Collateral Account equal to two semi-annual interest payments under the Senior Secured Notes. The current balance in the Collateral Account is approximately $8,650,000 (the "**Cash Collateral**"). The Control Agreement was described in a Supplement to the Offering Circular that was sent to holders of the Senior Secured Notes prior to the issuance of the securities.

3. On April 22, 2014, SIFCO, S.A. (the "**Debtor**") and certain affiliates commenced corporate reorganization proceedings before the *Vara de Falencias e Recuperacoes Judiciais da Comarca de Sao Paulo* (the "**Brazilian Court**" and "**Brazilian Proceeding**"). The Trustee filed a proof of claim in the Brazilian Proceeding on account of the Senior Secured Notes asserting a secured claim of $8,645,497.04 (the "**Secured Claim**") on account of the Cash Collateral and an unsecured claim in the amount of $69,636,794.60 (the "**Unsecured Claim**" and together with the Secured Claim, the "**Claims**").

4. On April 23, 2014 (the "**Petition Date**"), Rubens Leite, in his capacity as the Foreign Representative (the "**Foreign Representative**") of Sifco, filed a petition for relief

pursuant to chapter 15 of the Bankruptcy Code. On October 23, 2014, this Court entered the *Order Pursuant to 11 U.S.C. §§ 1504, 1515, 1517 and 1520 Recognizing Foreign Representative and Foreign Main Proceeding* (the "**Recognition Order**") (Docket No. 38).

5. On or about August 12, 2014, the Debtor and its affiliates filed a Joint Judicial Recovery Plan (the "**Plan**") in the Brazilian Proceeding. The Plan does not provide any treatment for secured claims, including the Secured Claim of the Trustee.

6. Thereafter, on or about October 17, 2014, the Debtor filed its schedule of claims in the Brazilian Proceeding. The Debtor classified the BNY Claims as secured by the fiduciary assignment of receivables rather than by the pledge of a bank account. The consequence of such a characterization under Brazilian law is that the BNY Claims are not subject to the Brazilian Proceeding and can be enforced notwithstanding the existence of the Brazilian Proceeding and the stay created thereby. The Trustee disputes the Debtor's characterization of the BNY Claims and has filed an objection in the Brazilian Proceeding (a) informing the Brazilian Court of the filing of this Motion and (b) requesting treatment of the Unsecured Claim through the Brazilian Proceeding.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. § 1410(3).

8. The statutory predicates for the relief requested are section 362(d)(2) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1.

**REQUESTED RELIEF**

9.  The Trustee respectfully requests, pursuant to 11 U.S.C. § 362(d)(2), entry of an Order granting relief from the automatic stay to permit the Trustee to apply the funds in the Collateral Account in accordance with the Indenture.

**BASIS FOR RELIEF REQUESTED**

A.  <u>The Court May Grant Relief from the Automatic Stay for Cause.</u>

10. Chapter 15 of the Bankruptcy Code is designed to assist foreign representatives in protecting assets located in the United States that belong to a foreign debtor that has commenced an insolvency proceedings in a foreign jurisdiction. See 11 U.S.C. § 1501(b). Among the purposes of Chapter 15 are: (i) to encourage cooperation between U.S. and foreign courts; (ii) to promote the fair and efficient administration of cross-border insolvencies that protect creditors, debtors, and other parties-in-interest; and (iii) to protect and maximize the value of the debtor's assets.

11. Pursuant to section 1520(a) of the Bankruptcy Code, "Upon recognition of a foreign proceeding that is a foreign main proceeding … sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States…" 11 U.S.C. § 1520(a). Therefore, upon the fentry of the Recognition Order, "any act to … enforce any lien against property of the estate" was stayed. *See* 11 U.S.C. § 362(a)(4).

12. The automatic stay may be terminated, annulled or modified "with respect to an act against property [of the debtor] if:

    a)    the debtor does not have an equity interest in such property; and

    b)    such property is not necessary to an effective reorganization."

-4-

11 U.S.C. § 362(d)(2).

13. In this case, stay relief if warranted. The Debtor clearly has no equity in the Cash Collateral. The Debtor's obligations under the Senior Secured Notes total in excess of $78 million, nearly $70 million more than the Secured Claim. Furthermore, the Debtor has no foreseeable means of adequately protecting the Trustee and the holders of the Senior Secured Notes if it sought access to the Cash Collateral.

14. With respect to whether the Cash Collateral is necessary to an effective reorganization, the Debtor has taken the position in the Brazilian Proceeding that the Cash Collateral is not even subject to that proceeding, much less necessary to the success thereof. While the Trustee disputes the Debtor's proposed characterization of its claims in the Brazilian Proceeding, it is clear that even the Debtor does not believe that the Cash Collateral is necessary to the success of its reorganization.

15. Furthermore, in accordance with Brazilian law, the automatic stay in the Brazilian Proceeding is set to expire on November 28. Therefore, if this Court grants the relief requested herein, at the time that the Trustee anticipates applying the Cash Collateral, no stay will prevent such application.

16. Accordingly, the Trustee should be entitled to relief from the automatic stay as requested herein. There will be no adverse effect on the Debtor's reorganization and the relief sought will enable the Trustee to recoup the expenses it has incurred as a result of the reorganization proceedings, make a distribution to the holders, and create a reserve for expenses it may incur as the proceedings continue. The Trustee intends to apply or segregate all of the Cash Collateral, leaving it with only the Unsecured Claim in the Brazilian Proceeding.

## STATEMENT THAT NO BRIEF IS NECESSARY

17. This Motion includes citations to applicable rules and statutory authorities upon which the relief requested herein is predicated, together with an analysis of their application to this Motion. Accordingly, the Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York and no additional brief or memorandum of law is required.

## NO PRIOR REQUEST

18. No prior request for the relief requested herein has been made to this or any other court.

## NOTICE

19. The Trustee has provided notice of this Motion to (a) counsel to the Foreign Representative, (b) counsel to the *Ad Hoc Committee of Senior Secured Noteholders* (the "**Ad Hoc Committee**"), and (c) the Office of the United States Trustee. The Trustee has also consulted with the counsel for the Foreign Representative and the Ad Hoc Committee and understands that neither party objects to the relief provided for in the Proposed Order.

## CONCLUSION

20. Based on the foregoing, the Trustee respectfully requests entry of an Order (A) modifying the automatic stay to permit the Trustee to apply the funds in the Collateral Account in accordance with the Indenture; and (B) granting such other and further relief as the Court deems just and proper.

Dated: November 19, 2014

**EMMET, MARVIN, & MARTIN LLP**

/s/ Thomas A. Pitta
Edward P. Zujkowski
Thomas A. Pitta
120 Broadway
32nd Floor
New York, NY 10271
Telephone: 212.238.3000
Facsimile: 212.238.3100
E-mail:  ezujkowski@emmetmarvin.com
             tpitta@emmetmarvin.com

*Counsel for The Bank of New York Mellon, as Trustee*