UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| SIFCO S.A., | Case No. 14-11179 (REG) |
| Debtor in a Foreign Proceeding. | |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. §§ 362(d)(2) MODIFYING THE AUTOMATIC STAY TO PERMIT THE BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE, TO APPLY COLLATERAL IN ACCORDANCE WITH INDENTURE FOR SENIOR SECURED NOTES**

This Stipulation and Order (the "**Stipulation**" or "**Order**") is entered into by and among: (a) The Bank of New York Mellon, as Trustee (the "**Trustee**"), (b) Mr. Rubens Leite (the "**Foreign Representative**"), the foreign representative of Sifco, S.A. ("**Sifco**" or the "**Debtor**"), and (c) the Ad Hoc Committee of Certain Senior Secured Noteholders (the "**Ad Hoc Committee**"), by and through their respective counsel.

**RECITALS**

WHEREAS, on or about May 27, 2011, the Debtor issued an aggregate amount of $75,000,000 of 11.50% Senior Secured Notes due 2016 of the Debtor (the "**Senior Secured Notes**") pursuant to an Indenture (the "**Indenture**") and an Offering Circular;

WHEREAS, on the same date, the Debtor entered into an Account Control Agreement (the "**Account Control Agreement**") pursuant to which the Debtor granted the Trustee a security interest in, among other things, a cash collateral account currently on deposit with and maintained in New York by the Trustee as Depository, Collateral Agent and Securities Intermediary, referred to in the Account Control Agreement as the "**Debt Service Reserve Account**";

**WHEREAS**, the present balance of the Debt Service Reserve Account is $8,645,497.04 (such funds, the "**Cash Collateral**");

**WHEREAS**, on April 22, 2014, Sifco and certain affiliates filed for judicial reorganization before the *Vara de Falencias e Recuperacoes Judiciais da Comarca de Sao Paulo*, which was granted by the court on May 29, 2014 (the "**Brazilian Court**" and "**Brazilian Proceeding**");

**WHEREAS**, on April 23, 2014 (the "**Petition Date**"), Mr. Rubens Leite, in his capacity as the Foreign Representative (the "**Foreign Representative**") of Sifco, filed a petition for relief pursuant to chapter 15 of the Bankruptcy Code (the "**Chapter 15 Proceeding**");

**WHEREAS**, on October 23, 2014, this Court entered the *Order Pursuant to 11 U.S.C. §§ 1504, 1515, 1517 and 1520 Recognizing Foreign Representative and Foreign Main Proceeding*;

**WHEREAS**, the Trustee filed a claim objection in the Brazilian Proceeding on account of the Senior Secured Notes asserting a claim in respect of the obligations of the Debtor in respect of the Senior Secured Notes, which claim is comprised of a secured claim of $8,645,497.04 (the "**Secured Claim**") on account of the Cash Collateral and an unsecured claim in the amount of $69,636,794.60, which was accepted by the judicial administrator in the Brazilian Proceeding (the "**Unsecured Claim**" and together with the Secured Claim, the "**BNY Claims**");

**WHEREAS**, on June 18, 2014, the members of the Ad Hoc Committee filed a request for direct participation in the Brazilian Proceeding, separately from the Trustee, and reinforced the claim objection filed by the Trustee with respect to the BNY Claims;

**WHEREAS**, the BNY Claims and the claims of holders of Senior Secured Notes in respect of the Senior Secured Notes are herein together referred to as the "**Senior Secured Notes Claims**";

**WHEREAS**, the Trustee has incurred and continues to incur fees and expenses, including the fees and expenses of its United States and Brazilian counsel, in connection with the Brazilian Proceeding and the Chapter 15 Proceeding (the "**Trustee Expenses**");

**WHEREAS**, the Debtor is obligated pursuant to, *inter alia*, section 7.06 of the Indenture to pay the Trustee Expenses and has not done so during the pendency of the Brazilian Proceeding and the Chapter 15 Proceeding;

**WHEREAS**, on or about October 17, 2014, the Debtor filed an objection in the Brazilian Proceeding asserting that the Senior Secured Notes Claims should be classified as secured by the fiduciary assignment or guarantee of receivables rather than by the pledge of a bank account (the "**Debtor's Fiduciary Assignment Objection**");

**WHEREAS**, on or about November 19, 2014, the Trustee filed a motion (the "**Motion**") for relief from the automatic stay to permit the Trustee to apply the Cash Collateral in accordance with the Indenture;

**WHEREAS**, the Foreign Representative, for itself and on behalf of the Debtor pursuant to instructions from the Debtor, has represented to this Court that the stay period in the Brazilian Proceeding preventing creditor enforcement actions (the "**Brazilian Stay**") expired on November 28, 2014 and to date has not been extended by the Brazilian Court, and that the Debtor will not seek to extend or impose again the Brazilian Stay with respect to matters for which the Trustee is granted relief from the automatic stay in this Order;

**WHEREAS**, the Foreign Representative, for itself and on behalf of the Debtor pursuant to instructions from the Debtor, has represented to this Court that (a) the Debtor holds approximately $5.0 million in face amount of Senior Secured Notes, (b) that "**Affiliates**" (as defined in the Indenture) of the Debtor (the Debtor and its Affiliates being herein referred to as the "**Sifco Parties**") hold approximately $4.6 million in face amount of additional Senior

Secured Notes (collectively, together with any other Senior Secured Notes held by the Sifco Parties, the "**Sifco Party Notes**"); and (c) that Orion Investment Fund III Limited ("**Orion**"), a non-debtor in the Brazilian Proceeding and not a guarantor of the Senior Secured Notes or otherwise an obligor under the Indenture (although, as a holder of Senior Secured Notes, its rights in respect of the Senior Secured Notes are subject to the Indenture), is the only Affiliate of the Debtor that holds Senior Secured Notes;

**WHEREAS**, the Foreign Representative, for itself and on behalf of the Debtor pursuant to instructions from the Debtor, has represented to this Court that the Debtor and the other debtors in the Brazilian Proceeding will, upon the Trustee's removal of the Cash Collateral pursuant to this Order, (a) promptly withdraw the Debtor's Fiduciary Assignment Objection and (b) not file (and will withdraw) any motions, objections or similar pleadings or proceedings in the Brazilian Proceeding advocating for the Unsecured Claim to be treated or classified as anything other than a general unsecured claim in the Brazilian Proceeding entitled to all rights applicable to holders of general unsecured claims in the Brazilian Proceeding under Brazilian law; and

**WHEREAS**, the Foreign Representative, pursuant to instructions from the Debtor, has represented to this Court that the Sifco Parties will comply with this Order.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334.

2. This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(3).

4.   Good, sufficient, appropriate and timely notice of the filing of the Motion and the hearing on the Motion has been given by the Trustee, pursuant to Local Bankruptcy Rule 9006(b), to: (a) counsel for the Foreign Representative; (b) counsel to the Ad Hoc Committee; (c) the Office of the United States Trustee. Such notice and service constitutes reasonable and proper notice under the circumstances.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted as set forth herein.

2.   The automatic stay is modified to permit the Trustee to, and the Trustee shall, remove all Cash Collateral from the Debt Service Reserve Account within five (5) days from entry of this Order, and to make the payments, distributions and reserves provided for herein, and the Secured Claim will be satisfied in full as a result of the Trustee's removal of the Cash Collateral pursuant to this Order.

3.   The Trustee shall be permitted to (i) satisfy its reasonable outstanding unpaid Trustee Expenses from the Cash Collateral, and (ii) establish, with Cash Collateral, a reasonable reserve in a segregated account for the payment of the reasonable Trustee Expenses incurred by Trustee in the future (the "**Trustee Expenses Reserve**"), each solely in accordance with the Indenture.

4.   The Trustee shall promptly distribute the Cash Collateral remaining following the establishment of the Trustee Expenses Reserve (less the pro rata amounts owed to the Sifco Parties) to the holders of the Senior Secured Notes who are not Sifco Parties (the "**Interim Distribution**"); provided however that no Interim Distribution or any further distributions from the Cash Collateral (including if released from the Trustee Expenses Reserve) (together with the Interim Distribution, "**Cash Collateral Distributions**") shall be made on account of the Sifco Party Notes absent a further order of this Court.

5. The Sifco Parties shall provide to the Trustee such documentation as shall be required by the Trustee or the Depository Trust Company European Clearinghouses (Euroclear and Clearstream) (the "DTC Clearinghouses") to effectuate the exclusion of the Sifco Party Notes from all Cash Collateral Distributions, including payment suppression letters identifying the amount and account of each such Sifco Party's holdings and the broker-dealer(s) or other DTC participant(s) through which each such Sifco Party holds Sifco Party Notes. The Trustee shall hold the funds withheld from the Cash Collateral Distributions on account of the Sifco Party Notes in a segregated account pending further order of this Court (the **"Sifco Party Notes Reserve"**).

6. All parties' rights and defenses regarding the Sifco Party Notes Reserve and the funds contained therein, including without limitation any rights of setoff or recoupment held by the Trustee or holders of the Senior Secured Notes with regard thereto, and all defenses of the Sifco Parties and the Foreign Representative to any asserted rights, including without limitation any defenses to any asserted rights of setoff or recoupment, are fully preserved.

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

| | |
|---|---|
| **EMMET, MARVIN, & MARTIN LLP**<br><br>*/s/ Thomas A. Pitta*<br>Edward P. Zujkowski<br>Thomas A. Pitta<br>120 Broadway<br>32nd Floor<br>New York, NY 10271<br>Telephone: (212) 238-3000<br><br>*Counsel for The Bank of New York Mellon, as Trustee* | **WHITE & CASE LLP**<br><br>*/s/ John Cunningham*<br>J. Christopher Shore<br>Thomas E. MacWright<br>1155 Avenue of the Americas<br>New York, New York 10036-2787<br>Telephone: (212) 819-8200<br><br>    - and -<br><br>John K. Cunningham<br>Richard S. Kebrdle<br>Southeast Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2352<br>Telephone: (305) 371-2700<br><br>*Counsel to the Foreign Representative* |
| **PEPPER HAMILTON LLP**<br><br>*/s/ Ronald R. Jewell*<br>Ronald R. Jewell<br>The New York Times Building, 37th Floor<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: 212.808.2700<br>Facsimile: 212.286.9806<br><br>    - and -<br><br>David M. Fournier<br>Michael J. Custer<br>1313 N. Market Street, Suite 5100<br>Wilmington, DE 19801<br>Telephone: (302) 777-6500<br><br>*Counsel for the Ad Hoc Committee of Certain Senior Secured Noteholders* | |
| **SO ORDERED:**<br><br>Dated: New York, New York<br>         December 16, 2014 | *s/ Robert E. Gerber*<br>Honorable Robert E. Gerber<br>United States Bankruptcy Judge |